on behalf of Mr. McCaleb, the two issues that I wanted to discuss this morning were the conspiracy count warrant. What happened in this case regarding the verdict is very peculiar. The court, first of all, failed to give any instructions or only partial instructions on the four objects of the conspiracy count. During deliberations, the jury had some questions. They were very simple. It said the jury had found the defendant guilty of conspiracy, checked all four objects of the conspiracy. And then on the second page of the court's report, it said the jury had found the defendant guilty of the lesser-included offense, which was the conspiracy regarding the precursor chemicals. And that's basically what could the judge have done? It seemed to me that she gave the jury every opportunity to go back in and say not guilty on the main count and guilty of the LIO. Well, it's true that the court did that. However, in this particular case, the verdict was already final. What do you mean final? It was final in the sense that under Rule 31 and the United States v. Nelson, a verdict is final once it has been read in open court and affirmed as There's no indication whether the court actually looked at it before the clerk read the verdict, but the clerk read the verdict in open court, read the entire verdict, and then said to the jury, is this your verdict? So say you want, so say you won't. That is collectively affirming the verdict as unanimous. Well, not necessarily, because he immediately called counsel to sidebar and said, hey, time out. This is a problem. And without any objection, he then, according to the brief, There was no objection, Your Honor, when the court called a sidebar. Right, and there was no objection to what the court then said, as far as I can tell. Right, but Ladies and gentlemen, in looking at the verdict forms you've returned, it's unclear as to what you intended to be as count one of the indictment. And then, you know the language, I read it three or four times. I can't find any problem with what the court did. There was obviously some confusion, and that's what we expect courts to do, straighten it out. The problem was, and I've argued that, had the court said to the jury, this verdict is unclear, there's an inconsistency, you weren't supposed to reach a verdict on the lesser included offense unless you found the defendant not guilty of the conspiracy count. Had the court said, so what we need to do is clarify what your verdict was. And, you know, go back and clarify what the verdict was that you intended to return and let us know. But that's not what happened here. The court told the jury, so, you know, explaining, yes, it was unclear, and, you know, and saying, perhaps we didn't explain it very well. It was unclear, and you weren't supposed to do that. But what the court then did was say, not simply that I want you to clarify what your verdict was, basically told the court to continue deliberating and start all over, basically start all over again. And that's the problem I think. Well, the judge gave the jury another form, a new form, same form as before. And this verdict came back, they didn't fill in the lesser included offense, but they also didn't fill in count two. That's correct. Now, is it your position that the first verdict should have been accepted? Yeah, you just told us. Yes. Well, if it were accepted. Should have been, should have been accepted with the court asking that jury to clarify. No, you told us it was all over. The verdict was the verdict was the verdict. And your first argument was the court had no business messing with it. What I meant was, was that the court. We'll clarify it. We'll give you a verdict and let you continue to deliberate. What I meant was that the court clearly had the obligation to ask the jury to clarify this verdict. I'm not sure about that. I don't have any problem with that. If the first verdict was accepted, there's case law out there which says that since the lesser is subsumed in the greater, the lesser finding of guilt on a lesser sentence is mere surplus and is of no moment. So what you got instead of that was really another chance, maybe even two chances by the way the court handled this. Isn't that right? Well, it is true that, yes, the lesser is subsumed in the greater. But the problem is, is that this verdict form had on it if you find him not guilty. And it's that what the court had an obligation to clarify. Because there are plenty of cases, and I cited them in my brief, where jurors have, you know, the court, for example, said, we find him not guilty. And then the juror raises his hand and says, that's not what we found. I mean, there's all kinds of problems. And the court has an obligation to clarify it because we have that not guilty. If it was simply guilty on count one and then guilty on the lesser included, I don't think I would have much of an argument here. And if the court had simply said, I would like you to clarify what your verdict was, because this is really inconsistent. If he's not guilty, was he really not guilty on count one of the conspiracy and then guilty of the lesser? And so the problem that I see here is simply that the jury was then ordered to start deliberating again. And it's that, at that point, because, yes, you're saying it left open the possibility that it could have come back more favorable or something. But the point is, how can a jury impartially deliberate at that point? The jury basically was told by the court, we don't like, I don't like what you did. And, you know, it's confusing. No, no, no. I mean, you're trying to characterize. Now, that never gets anybody anywhere. The judge didn't say, I don't like what you did. She didn't say that in so many words. She didn't say it, period. She said, there's a problem here, and I want you to go back and straighten it out. They'd already found him guilty on both counts. It's not like it was not guilty on one or the other. It was guilty-guilty. Well, specify which one it is. Moreover, I mean, no objection was tendered at any time. Not only then, but in a motion for a new trial or a post-trial motion, nothing was ever said. So why hasn't this completely been forfeited? Well, because of the plain error standard. It's true. There wasn't any objection, and I wish there had been. Not during the trial? Not in a motion for a new trial? Well, but the error, the plain error standard doesn't require that there had been a motion for a new trial. So you think this was error? You think it was plain? You think it affected substantial rights, and we ought to take cognizance of it? Yes, I do, Your Honor. And I think that it Why? Why? Because at that point, the jury, because it's an unusual situation. I mean, I could find no case in which a court faced with an inconsistent verdict, a confusing verdict, then sent the jury back out to deliberate again. One thing was sent back out to clarify. Well, that was kind of an automatic use of that word. That's what judges get so used to saying. They say it without even thinking about it. Well, that's true. And deliberations include filling out verdicts forms. Well, that's true. But here, the court said, I mean, I thought this was something that the court said lawyers say things without thinking about it, and they forget to say things. That's true. But the jury had been deliberating for three days already. And when the court asked them to go back, it said, you know, deliberate. Let us know when you have reached a verdict. That's far different from saying when you have ironed it out among yourselves what exactly it is that you did find. And I think that that's the problem. Part of this also, the objection is also tied into the fact that, which is in the second argument, that the court did not instruct. How long did it take them to fill out the new verdict form? You mean the second time around? Yeah. Less than three hours. But they had been deliberating for three days before they were asked to start over again, essentially. And. . . Do you think it affected substantial rights? Well, I. . . Yes. How? It has to affect substantial rights in order for him to gain any credit. How did it affect substantial rights? I think the substantial rights are the fact that. . . Not that there were substantial rights. How did it affect them adversely? Well, because the jury could no longer deliberate impartially at that point. I mean, there's the. . . There's that case, Pino-Noriega, where the jury had returned a verdict, but it hadn't been read in open court. The defendant wanted to. . . So you're asking us to think that they could have doubled back and all of a sudden found somebody not guilty? I'm sorry, could you say that again? Well, you're suggesting that by allowing them to deliberate, they could have doubled back and all of a sudden come back in again and found them not guilty of everything. Well, anything probably could have happened, but. . . No, no, no, that's not true. Only three things could have happened. Guilty, not guilty, hung. That's true. That's true. I didn't mean. . . So it doesn't sound from all of this like they were going to hang up. And she gave them an opportunity to clear up the confusion between the LIO and the main Count I, and they could have acquitted on Count I and continued to convict on the LIO, right? It is true that that. . . And you wouldn't be arguing this point if they did. Well, that's true. But. . . Or they could have convicted, which is what they did. Which is what they did. But again. . . Is there anything in what Judge Marshall told them that suggested that they should find this defendant either guilty or not guilty? No. No, there isn't. Okay. Do you want to talk about your instruction point? I'm sorry? Did you want to talk about your instruction error point? Yes, yes. Let me get to that. Before you do, I wanted to ask you, assume that we agree with you. What do you want us to do? What action do you want out of this court? Overall or just on that simple issue? On that issue. Well, on that issue, I think the court should certainly reverse Count I. Well, you want us to reverse Count I? I don't see how we'd have any standing to do that because the jury found from the original verdict guilty on Count I. Now, maybe you have a right to demand a new trial or something, but to find him not guilty on Count I? No, no, no, no, no. I didn't mean that. No. We have what you said. To reverse the conviction and send it back for a new trial. Is that what you want, on Count I? Minimum. Count II staff. Well, he did concede that he was guilty of Count II, so we'll leave it at that. But why don't I turn to the instructional issue regarding the conspiracy count. Here, there really isn't any dispute between the government and Mr. McCaleb and the court that the court failed to give instructions setting out the elements of the offenses of the four objects of the conspiracy. There were the court did instruct as to what a conspiracy is, but the court did not give any instructions regarding manufacturing, which was the first object. The court did define somewhat aiding and abetting, but did not give an instruction tying the aiding and abetting into the object, which is the aiding and abetting the manufacturing. The court did not instruct on the possession with intent to distribute that requires knowingly possessing and possessing with intent to deliver, although it did discuss the fact that it doesn't have to be done with financial interest. His defense at trial was that he had precursor chemicals, but not the end result. Right. And the... Was there any suggestion that he unknowingly possessed these precursor chemicals? That he didn't know what they were? No, not at all. He knew what they were? The instructions you're talking about, in my mind, just don't match up with the defense in the case. It seems that in the abstract, maybe you could have instructed on these things, but how did that affect his ability to defend himself? It affected his ability to... Well, first of all, this part is held repeatedly, that the failure to instruct and all the elements of the offense that one is charged with is error and is plain error. Mr. McCaleb's defense was that he was not involved in any conspiracy to manufacture or possess with intent to distribute or aid and abet the manufacture of PCP, but that he did concede that he was guilty of conspiracy to possess the precursor chemicals with reasonable cause to believe that it would be involved in... Manufacturing? Manufacture. And that's kind of like the Falcone case. I realize that that's not... This isn't sugar we're talking about here, but his defense was that once, basically, you know, and he admitted to the police, you know, I'm the go-to guy for chemicals. He admitted that he clearly was at fault regarding... How does it hurt your client's case that there was no definition of what manufacturing means? Well, because the jury was not instructed as to how it could reach that. How does it hurt your client's case if he admits that this was a manufacturing operation, but I've got a funny kind of a defense here? But he did not admit it was a manufacturing operation. He only admitted that he had, you know, he was culpable regarding the precursor chemicals. He was chemical Ali, right? Pardon me? He was chemical Ali, right? He had all the chemicals. He had lots of chemicals. That's correct. He was the go-to guy. But he did not concede that he had anything to do with the manufacturing of whoever was going to... I'm not making myself clear. I still don't see how the failure to instruct, assume that there was one that you're talking about, interfered in any way at all with your client's case. In the abstract, sure, you probably should instruct on all these things, but it doesn't have anything to do with your client's defense other than he's entitled to these instructions. I don't see what the damage is. Well, because the government is required to prove... What's the damage? By failing to identify or to define manufacturing, for example. By failing to define it, the jury could not effectively evaluate his defense. The jury could not effectively evaluate whether or not his role in this conspiracy simply stopped at providing chemicals and that he didn't care what happened to the chemicals once they were out of his hands. I think that's the issue. The jury and this Court has also held that when the Court does not instruct as to the elements of the offense for all of the objects, that it is harmless error only if the jury necessarily found the elements of the offense based on other instructions or in the verdict form, and that's not what we have here because the second account was the precursor chemicals. And this was, again, clearly there's... Like I said, what he is possessing and what he has admitted to possessing is a lot of precursor chemicals, but he has clearly denied in his defense that he had anything to do with manufacturing PCP, and that is where he is prejudiced by it because there wasn't any PCP that he was charged with. And so that's where the prejudice lies, and this Court has to reverse for the failure to properly instruct the jury. There wasn't aiding and abetting instruction. But it did not tie the aiding and abetting into the manufacturer of PCP, which is what the account was. The second object of the conspiracy was aiding and abetting the manufacturer of PCP, and he repeatedly denied that he had anything to do with the manufacturer of PCP. Years ago, there used to be a famous judge in Los Angeles County named Gabby Cravath, and his instructions were like this. Ladies and gentlemen, the defendant is charged with stealing X. Now, if I have to tell you what stealing means, we'd better all go home. Go out and deliberate. Well, you know, stealing and robbery, how many people can confuse, in the high polite, confuse stealing and robbery? And they are two very big different things. And, I mean, the government is the government's argument. You don't need to define what manufacturing is, but I think we do need to define what aiding and abetting manufacturing is, and that, unfortunately, I mean, there are these rules and they need to be followed because people can be wrongfully convicted with that. Okay. You've got about a minute left for rebuttal. I'll save the rest of my time for rebuttal. Thank you. We'll hear from the government at this time. Ms. Hudson. Thank you, Your Honor. Janet Hudson for the United States. With respect to the issues that counsel has raised here at oral argument, as to the first, I find myself in agreement with Judge Hawkins. I'm not sure what Judge Marshall could have done better than what she did do when she received the verdict form that arguably contained an unclear answer. She explained the problem to the jury, gave them a new form, gave them the opportunity to decide however they wanted to fix it so that it would represent their correct verdict. Well, actually, all I did was ask a question. But Judge Wright is correct, isn't he, that one thing she could have done was simply say, this is it, we're done, and I'm going to disregard the guilt finding on the LIO because there is a finding of guilt that washes out the lesser included, and we're done. Resentencing is scheduled for X date, right? Absolutely. And what he did was he gave the defendant one more shot at getting just the lesser. Exactly. So to the extent that what the court did gave the jury opportunities to change their verdict in any way that could only benefit the defendant because the first verdict found the defendant guilty in every way possible. Counsel, you probably haven't seen it before you were born, probably, but there's almost an exact case which I was on in 1974 in the Eighth Circuit. It's called United States v. Howard, and it's in 507 F. 2nd, 559. You do not need to confirm whether or not you were born on the day of the decision. No, I'm sure you were. With respect to the jury instruction. Yeah, let's talk about those. Let me tell you the one that I'm principally concerned about, and that's the failure to instruct that the objectives of the conspiracy must be knowing. Now, earlier on there was an instruction where knowing was omitted, but there was a follow-on instruction that sort of referred back. That did not happen with respect to the conspiracy count. Why isn't that plain error? Your Honor, the conspiracy instruction was that the Taylor. Do you agree, first of all, that Judge Marshall did not instruct the jury with respect to the conspiracy count that the objectives of the conspiracy must be done in a knowing fashion and define knowing within the context of the instruction? Well. That calls for a yes or no. I agree that the Court did not put it in exactly those words, but my argument here is that the instructions as a whole clearly instructed the jury that they had to find that the defendant did not act unknowingly or inadvertently or by mistake. And there are numerous places throughout the instructions where the requirement of knowledge is addressed. But she did that with respect to the possession with intent to distribute. There was no – within the corners of the actual instruction of the elements, there was no definition of knowing. But fairly soon thereafter, she gave an instruction about the definition of knowing and referred specifically back to that count. Correct. That was not done at all in connection with the conspiracy count. You know, so a thoughtful jury said, look, the judge told us what knowing was with respect to the intent to distribute count, but she didn't say anything about it with respect to the conspiracy count. Your Honor, the Court – I understand the Court's argument, but I think that – It's a question. A question. I think it's unlikely that any jurors had that thought process because the Court did so clearly explain throughout the instructions on conspiracy that the person had to know what the object of the conspiracy was and intend to help accomplish  Is it an element of conspiracy that the acts be done knowingly? Yes or no? Yes, Your Honor. And the – Was there an instruction on the conspiracy count that said that? No. Correct? If the Court will allow me to read the instruction that I think does address that issue.  The Court did state that there are two elements to a drug conspiracy. First, that there was an agreement between two or more persons to commit a crime, and second – and this is at page 560 of Volume 2 of Appellant's Excerpts of Record – and second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it. And then the Court went on to say, you must find that there was a plan to commit at least one of the crimes. It was not enough that they made a formal agreement or – I'm sorry, not that the conspirators simply met, discussed matters of common interest, et cetera. And she went on to say, one becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details. This is 560? Yes. In Volume 2? And 561. And these instructions were the result of a conference. They were then presented to counsel and there was no objection. That's correct. This is the standard instruction on conspiracy. On the other hand, one who has no knowledge of a conspiracy but happens to act in a way which furthers some object or purpose does not thereby become a conspirator and so on. Say that again. One who has what? No knowledge? No knowledge, does not become a conspirator. So in various forms, the point was made repeatedly throughout the standard jury instruction on conspiracy that a person has to know the intent or know the objects of the conspiracy and intend to help further them. So I think that the standard instruction on the elements of conspiracy which were given adequately covers the knowledge requirement for conspiracy. As I understand defense counsel's argument, her argument is that the – is twofold. One is that the jury should have been given instructions as to what it means to manufacture a controlled substance, what are the elements of manufacturing. And the government's position is that that was not a plain error because while there was no request for such an instruction, I'm not aware of such an instruction and manufacture is certainly a word that most people have a reasonable understanding of what manufacturing means. Did the instructions tie either knowing or willfully to the objects? The – I mean, I understand the defense was, okay, I'm the chemical guy. I'm the go-to guy for the precursor chemicals. I'm not stupid. I know when people come to me and ask for this stuff what they're going to do with it. But, you know, I didn't know that. I didn't know they were going to manufacture this. I didn't know any of this other stuff. Do the instructions tie the terms willfully or knowingly to the objects such as manufacturing? The – if I could just state at the outset, I think that the defense was I knew they were going to manufacture PCP. I didn't care that they were going to manufacture PCP. Well, that was my point. He admitted he knew, so the knowledge really wasn't an issue as far as I can see. That's your point? And that was – and it was interesting to me because that came out in closing argument. I mean, I went through the whole trial and I couldn't figure out what their defense was. And I didn't learn until a closing argument that it was – I knew but I didn't care. And so it was at that point that the defense counsel made the argument that they were – the defendant was guilty of the lesser and clearer offense in count two but not count one. But I think that the knowledge element was explained with respect to the objects as well. The definition of possession, which was one of the objects, possession of PCP and possession of intent to distribute, the court did give the instruction a person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power or intention to control it. Then there was a – so that was a definition of possession included the word knowingly, which was defined elsewhere in the instructions. And then the possession with intent to distribute, the standard instruction was given on that, followed by the instruction on knowingly. And the court did say the word knowingly is used in the charge. It's also used in the jury instructions. So whenever that word is used, this is a definition of the word knowingly. So I think that point was made repeatedly throughout the instructions that this is not something where you can convict if someone acts through mistake or an avertance or is not aware. I think that it perhaps could have been better organized or presented in a different way, but I think the standard of this court on review for plain error is do the instructions as a whole communicate the concept so that the jury would have understood what it was required to find, and the government submits that as a whole the instructions do cover the concept that the jury had to find that each of these acts was done knowingly. Okay. Thank you. Thank you for coming in today. Appreciate it. Rebubble. It's just that, again, the knowingly part of the instructions did not refer back to the ñ specifically to the four objects of the conspiracy. But what about the instruction that says throughout these instructions, here's what knowingly means?  Because ñ but the problem is, is that ñ That's not good enough. Manufacturing was not itself defined. Manufacturing ñ And if you don't have any knowledge, you can't be found guilty of a conspiracy. But I still fail to see ñ to me, maybe I'm wrong, I thought the defense was, I knew what was going on, I didn't care. That's the way I read this. Am I wrong about that? I knew. So how did it affect substantial rights if that was the defense? I believe that his defense was, I had some idea that perhaps reasonable cause to believe, which is a ñ I knew what was going on. But I wasn't involved in their conspiracy. Exactly. But I knew what was going on. So I don't see how it affects substantial rights, even if you're correct. Because he had to have been part of ñ it's not enough to just say, I'm going to sell some stuff, you know, and what they do with it, I might ñ I have an idea, but I don't really care what they do with it, because that's not what I'm involved in. And I think that that was his defense. And he is ñ I know you're a robber. I'm giving you a gun. I'm not made of any better. Okay. Thank you for your argument. Thank you. Thank you both for your argument. The case just argued will be submitted for decision. Court will stand in recess for the day.
judges: Trott, Hawkins, Bright